PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL Osorio, Defendant and Appellant.

No. 2428. Argued April 17, 1925.—Decided April 30, 1925.

CARRYING ARMS—EVIDENCE.—A revolver, although unlawfully seized, is admissible in evidence against a defendant.

District Court of Humacao, Pablo Berga, J. Judgment convicting the defendant of the offense of carrying prohibited arms. *Affirmed.*

*Francisco González* and *Borinquen Marrero Ríos* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In the present case the evidence tends to show that a policeman saw an object in the pocket of the defendant and, thinking it a revolver, seized it. The said revolver was used in evidence against the defendant. He assigns as error that the seizure was illegal and that the evidence could not be used against him.

We decided in *People* v. *Cerecedo,* 21 P.R.R. 52, that the offering in evidence even of property illegally seized is not compelling a man to testify against himself. In that case the property alleged to be seized illegally was lottery tickets. A case, however, almost identical was *Chastang* v. *State,* 3 Southern, 304, where the Alabama court also held that a revolver was admissible even though seized in an illegal search, distinguishing *Boyd* v. *United States,* 116 U. S. 616. Likewise *State* v. *Turner,* 136 A.L.R. 129, and elaborate note on pp. 135 *et seq.* *Weeks* v. *United States,* 232 U. S. 383, and 24 R.C.L. 718, cited by appellant, while they support the proposition that a person is to be protected from illegal seizure, do not affect the offering in evidence of property illegally seized. The reason for the distinc-

tion as shown by the authorities is that the evidence is in no sense the evidence of the defendant.

The judgment must be affirmed.